**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GELSIN B. HERNANDEZ-POLANCO, | Civil Action No. 26-1283 (ZNQ) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| KRISTI NOEM, *et al.* | |
| Respondents. | |

**QURAISHI, District Judge**

  This matter comes before the Court on Petitioner Gelsin B. Hernandez-Polanco's petition for a writ of habeas corpus.  (ECF No. 1.)  By way of background, Petitioner is a native and citizen of Guatemala who crossed the southern border without admission or inspection in June 2021.  (ECF No. 1 at 7.)  He has remained in the United States since entering.  (*Id.*)  On November 1, 2025, Petitioner was taken into custody by immigration officials for removal proceedings, and has been detained without a bond hearing until the present day.  (*Id.*)

  On February 10, 2026, this Court entered an order that determined, in accordance with this Court's decision in *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025), that Petitioner was not subject to detention without bond under 8 U.S.C. § 1225(b)(2), but was instead entitled, at the least, to a bond hearing under 8 U.S.C. § 1226(a).  (ECF No. 2.)  The Government was therefore ordered to provide Petitioner with a bond hearing within ten days.  (*Id.*) This Court also enjoined the Government from transferring Petitioner until the bond hearing had been conducted.  (*Id.*)

On March 7, 2026, this Court received a pair of letters from the Petitioner and the Government.  (ECF Nos. 4-5.)  In relevant part, these letters revealed that, despite receiving this Court's order enjoining transfer on February 10 and that order being transmitted to immigration officials that afternoon, ICE transferred Petitioner out of New Jersey the following day, and thereafter transferred Petitioner again several days later.  (ECF No. 5 at 1.)  Although the Government asserts in its letter that it sought to rectify this violation of the Court's order by returning Petitioner to New Jersey, Petitioner was not returned until March 4, long after the bond hearing this Court ordered was cancelled for lack of Petitioner's presence.  (*Id.* at 1-2.)  In light of these violations of this Court's prior Order, Petitioner now requests release.  (ECF No. 4 at 1-2.)

As this Court previously found, and the Government does not now dispute, Petitioner, as an alien who entered the country several years ago without admission or inspection who thereafter remained in the United States for several years, is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See Valerio*, 2025 WL 3251445 at *2-3; *see also Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1-2 (D.N.J. Mar. 2, 2026).  Although this Court originally ordered that Petitioner receive the process to which he would be entitled under the only detention statute which could apply to him – a bond hearing under 8 U.S.C. § 1226(a), the Government failed to provide that relief or correct its unlawful detention of Petitioner by providing a bond hearing. As such, and in light of the Government's violations of this Court's Order, it is "not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form," and the only proper relief for Petitioner at this time is his outright release from his current unlawful detention.  *Fajardo-Nugra*, 2026 WL 579192, at *1-2; *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J.

Feb. 26, 2026).  The Government shall therefore be ordered to release Petitioner from custody immediately.

Moving beyond the custody issue, the Government's continued violations of this Court's orders, including the order enjoining transfer and requiring a timely bond hearing in this matter,[1] is indicative of an ongoing disregard for the Due Process rights of habeas petitioners and of the Government's duties and responsibilities to this Court.  *See Hueso*, 2026 WL 539271, at *3.  In light of this continued pattern of violations and prior warning this Court provided to the Government in similar cases, *see id.*; *see also Kumar v. Soto*, No. 26-777, Docket Entry 21 (D.N.J. Feb. 13, 2026), the Court must consider the imposition of appropriate sanctions.  The Government shall therefore be ordered to show cause within three days why the Court should not impose sanctions both upon the attorneys who appeared on its behalf in this matter and appropriate officials in the Department of Homeland Security and ICE who were responsible for Petitioner's transfer.  In responding to that Order, the Government shall provide declarations under penalty of perjury from senior personnel with knowledge of the relevant events from both the United States Attorney's Office and the Department of Homeland Security explaining why these violations occurred and why these violations should not result in sanctions up to and including a finding of contempt.  *See Kumar v. Soto*, --- F. Supp. 3d ---, 2026 WL 585187, at *3-4 (D.N.J. Mar. 2, 2026)

---

[1] In addition to the transfer of Petitioner, the Court further notes that the February 10, 2026 text order directed the United States Attorney to arrange for the bond hearing within ten days and "file a written notice" of the outcome within three days of the outcome of that hearing.  (ECF No. 2.) Although the Order did not explicitly direct the filing of an update in the event that the bond hearing did not occur, the Court finds it exceedingly problematic that, after ICE directly violated that Order, the Government took no action to provide the Court with an update until *after* Petitioner filed a letter nearly a month after this Court's order was entered and several weeks after the Government failed to provide the bond hearing and transferred Petitioner in violation of this Court's Order.  This failure to provide an update appears indicative of a lack of candor with the Court on the Government's part.

(criminal contempt and concomitant penalties may be imposed for past violation of a court order where that violation was willful).

In conclusion, Petitioner's habeas petition (ECF No. 1) and letter request for release (ECF No. 4) shall be granted, the Government shall release Petitioner immediately, and the Government shall show cause within three days why this Court should not impose sanctions upon both the United States Attorney's Office and the Department of Homeland Security.  An order consistent with this Memorandum Opinion will be entered.


Date: March 9, 2026

                                          s/ Zahid N. Quraishi
                                 **ZAHID N. QURAISHI**
                                 **UNITED STATES DISTRICT JUDGE**